UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

        Plaintiff,

v.

        Case No.  4:15-CV-13940
        Judge Terrence G. Berg
        Magistrate Judge Anthony P. Patti

MARK ALDRICH, and
CITY OF BELLVILLE PD,

        Defendants.

_____/

# REPORT AND RECOMMENADTION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DE 23)

**I.     RECOMMENDATION**:  The Court should grant Defendants' Motion for Summary Judgment.  (DE 23.)

**II.    REPORT:**

    **A.    Background**

This matter comes before the Court on the motion for summary judgment, exhibits and supporting affidavit (DE 23) filed by Defendants Mark Aldrich and the City of Bellville PD (collectively "Defendants") and Plaintiff's response brief filed in opposition thereto. (DE 30.)  Plaintiff Paulleto Rogers, who is proceeding without the assistance of counsel, filed his Complaint and Application to Proceed

1

*in forma pauperis* on November 9, 2015. (DE 1, 2.) The factual section of the handwritten complaint provides in its entirety as follows:

> Mark Aldrich profiled a vehicle [in which] I was [the] only passenger. Mark Aldrich stopped the vehicle due to race, color. Police cannot extend the length of a routine traffic stop unless there is a clear safety concern or additional crime committed in the course of the stop. Rodriguez v. U.S.; means to act beyond the bounds of lawful authority. But in such a manner that the unlawful acts were done in his official duties. [sic]

(DE 1 at 2.)[1] Mark Aldrich is the only defendant named in that complaint.

On February 9, 2016 Plaintiff filed a somewhat related *pro se* complaint against only the City of Bellville PD (presumably Police Department). *See* 4:16-cv-10530-TGB-APP, *Rogers v. City of Bellville PD*. The entirety of the factual section of that complaint is:

> On or about 8/3/15 [the] Chief of Police refuse[d] to take my inquiry and complaint against Mark Aldrich due to race and color[.] Chief of Police['s] demeanor was racially motivated and an act of police misconduct pursuant to core value and[/]or an agency mission policy statement. Chief of Police['s] rebuttal to MDCR failure to remember my inquiry and complaint against the agency court order injunction. [sic] Cease and desist[.]

(DE 1 at 1-2.)

Plaintiff also filed a contemporaneous motion to proceed *in forma pauperis* (DE 2 in 16-10530) and a request for service by the U.S. Marshals Service. (DE 3 in 16-10530.) However, no action on either of those requests had been taken by

---

[1] The Court has standardized the idiosyncratic capitalization used by Plaintiff in that complaint and in his other pleadings.

July 13, 2016, when the Court issued an order consolidating the two actions. (DE 19.)[2] Consequently, the Bellville PD had not filed an answer or otherwise appeared in either case prior to filing the motion for summary judgment.[3]

Eight days after the cases were consolidated, Defendants filed the pending motion for summary judgment, which encompasses both complaints. (DE 23.) Defendants raise various grounds for granting their motion, including contentions that: both complaints fail to set forth cognizable claims; the Bellville PD is not a cognizable entity capable of being sued; and, Plaintiff has failed to establish a basis for municipal liability against the City of Bellville. Among the exhibits attached to the motion is an affidavit from Defendant Aldrich, which--due to the remarkably cursory nature of Plaintiff's pleadings--is the only detailed narrative in the record of the events which underlie the complaints. (DE 23-3.)[4]

Aldrich's affidavit provides, in relevant part, that while on patrol one evening with another officer, he noticed a BMW swerving on the road, which

---

[2] All future citations to the record will be to case 15-13940 unless otherwise noted.

[3] The Bellville PD states in the motion for summary judgment that it was never served with a copy of the complaint in case 16-10530 and thus did not even become aware of the complaint's existence until that case was consolidated with case 15-13940. (*See* DE 23 at 12.)

[4] Plaintiff has offered nothing to contradict the factual assertions made in Aldrich's affidavit, meaning that under Fed. R. Civ. P. 56(e), the Court may deem the facts asserted in the affidavit undisputed for purposes of ruling on the summary judgment motion.

3

constituted a "ticketable" offense and raised suspicions that the driver was intoxicated. (DE 23-3 at 3-4.) A computer search showed that the license plate attached to the BMW was registered to a 1994 Dodge which had been registered as abandoned. (*Id.* at 4.) Aldrich and his partner then pulled over the BMW to make a traffic stop and Aldrich walked toward the passenger side of the vehicle, where Plaintiff was sitting. (*Id.*) According to Aldrich, it was so dark that he did not know the race of the vehicle's occupant(s) at the time the stop was effectuated. (*Id.* at 4-5.) Aldrich smelled "the odor of intoxicants" coming from Plaintiff and observed various alcoholic beverages, some of which were in open containers, in close proximity to Plaintiff. (*Id.* at 5.) After asking Plaintiff for identification, Aldrich discovered that Plaintiff had two outstanding warrants, whereupon Aldrich placed Plaintiff in handcuffs and told Plaintiff that he was under arrest for the outstanding warrants and for possessing an open intoxicant in a motor vehicle. (*Id.* at 5-6.) The driver of the vehicle was also arrested for operating while intoxicated, possession of marijuana and other charges. (*Id.* at 8.)

Meanwhile, on July 22, 2016, the day after Defendants filed their summary judgment motion, I issued an order granting as unopposed Defendants' motion to hold discovery in abeyance pending resolution of the motion for summary

judgment. (DE 26.)[5] No subsequent action appears in the record until August 9, 2016, when Plaintiff filed a terse, one-page response to the motion for summary judgment, unaccompanied by any affidavits or other exhibits. (DE 30). However, the next day Plaintiff filed what purports to be an appeal to the Sixth Circuit. (DE 28.)[6] The notice of appeal states that Plaintiff is appealing DE 22 and DE 16, which are Defendants' motions to stay discovery and to file conventionally in the record a videotape of the stop of the BMW. Defendants have not filed a reply in support of their motion for summary judgment and the time for doing so under Local Rule 7.1(e)(1)(c) has expired.

### B. Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts

---

[5] I deemed the motion unopposed because Plaintiff failed to respond to it in accordance with the deadlines contained in E.D. Mich. LR 7.1(e)(2)(B).

[6] The notice of appeal states that it was signed on July 23, 2016, but it was postmarked August 8, 2016 and was received and filed by the Clerk of the Court on August 10, 2016. (DE 28 at 1-2.) Additionally, the record does not indicate that Plaintiff has paid the requisite appellate filing fee, nor has he sought leave to appeal *in forma pauperis*.

in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F.App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F.App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). Summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 371, 322-23 (1986)).

    **C.    Discussion**

        **1.  The Filing of the Notice of Appeal Did Not Divest This Court of Jurisdiction**

Before the Court may examine the merits of the motion for summary judgment, it must first determine whether it lost jurisdiction over the case once Plaintiff filed a notice of appeal. "As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal . . . ." *Rucker v. U.S. Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986). However, that general rule is not absolute as, among other exceptions, a district court retains jurisdiction when a party appeals from a "non-appealable non-final order . . . ." *Id.* Indeed, a notice of appeal taken from an obviously non-appealable, non-final order "may properly be ignored by the district court." *Higgs v. Easterling*, 2013 WL 1338197, at *1 (W.D. Ky. March 29, 2013) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981)). *See also* 20 *Moore's Federal Practice - Civil* § 303.32 (3d ed. 2016) ("If an appeal is taken from a non-appealable order the district court may proceed with the case as if the notice of appeal had not been filed. . . . This appears to be the proper resolution of the issue, since the contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the non-appealing party's right to continuing trial court jurisdiction, and inhibits the smooth and

7

efficient functioning of the judicial process") (internal quotation marks and citation omitted).

The documents Plaintiff actually listed in the notice of appeal cannot be deemed final orders because they are not even orders, but merely motions filed by an opposing party. Even if the Court were to leniently construe the notice of appeal as having been taken from the Court's orders granting the motions to permit Defendants to file conventionally a video recording and to stay discovery, those orders are plainly non-final because neither resolved any of the issues in either complaint nor otherwise terminated these proceedings as to any party. *See, e.g.,* 16 *Moore's Federal Practice - Civil* § 16.79 (3d ed. 2016) ("An order is final when it resolves the contested matter, leaving nothing to be done except execution of the judgment.").[7] The notice of appeal, therefore, did not divest this Court of jurisdiction.

---

[7] If a district judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order" after which the appellate court "may thereupon, in its discretion, permit an [interlocutory] appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . ." 28 U.S.C. §1292(b). Plaintiff has not asked this Court for such a certification, nor would any such request likely be granted given the routine nature of the orders at issue. Finally, 28 U.S.C. §1292(b) explicitly provides that the filing of an application for an interlocutory appeal does not stay the district court proceedings unless and until an order to that effect is issued.

### 2. Both of Plaintiff's Complaints Fail to Set Forth Legally Cognizable Claims for Relief

Defendants contend both complaints at issue fail to set forth cognizable claims under Fed. R. Civ. P. 8. I agree.[8]

Federal Rule of Civil Procedure 8(a) provides that a "pleading that contains a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." As interpreted by the Supreme Court, Rule 8 "requires [a complaint to set forth] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "has the force of law, and it must be followed." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F.Supp.2d 1151, 1152 (D. Minn. 2011). It "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era,

---

[8] Defendants' arguments are brought pursuant to both Fed. R. Civ. P. 56, which governs summary judgment, and Fed. R. Civ. P. 12(b)(6), which governs dismissals of complaints which fail to state a cognizable cause of action. (*See* DE 23 at 2.) Because Defendants presented the affidavit of Defendant Aldrich (and several other exhibits) in support of their motion for summary judgment, and the Court has not excluded those exhibits, the motion is properly characterized as being for summary judgment under Fed. R Civ. P. 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Even if the motion somehow were to be treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), however, Defendants would be entitled to relief for the same essential reasons which entitle them to summary judgment.

9

but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To be viable, a complaint must state a "plausible" claim for relief. *Id.* In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8).

Nearly the entirety of the extremely short "statement of claim" section of Plaintiff's complaint in case 15-13940 consists of legal conclusions and recitations of the elements of unspecified causes of action. The complaint first states in a conclusory manner that Defendant Aldrich stopped the vehicle in which Plaintiff was a passenger due to the occupants' race(s)/color(s). The complaint then mentions the legal principle that a stop by the police cannot be extended improperly. The complaint then alludes in passing to the stop having been performed as part of Aldrich's official duties. There are no additional, corroborative facts provided (e.g., the date, the location, the specific acts or statements by Defendant Aldrich based on Plaintiff's race or what Defendant did (or failed to do) which improperly prolonged the stop).[9]

---

[9] Moreover, Plaintiff has offered nothing in either the complaint or his response to the motion for summary judgment to rebut the specific statements in Defendant Aldrich's affidavit that due to darkness having fallen he was unaware of the skin color of any occupants of the BMW. (DE 23-3 at 4-5.) Defendant Aldrich's statement that it was dark at the time the BMW was stopped is supported by the

Similarly, the complaint in case 16-10530 alleges only that on August 3, 2015 the Bellville Chief of Police "refuse[d]" to take Plaintiff's "inquiry and complaint" about Defendant Aldrich. (DE 1 at 1-2 in case 16-cv-10530.) That complaint then alleges, in conclusory fashion, that the Chief's actions were racially motivated and taken pursuant to some unspecified policy statement. There is no indication in the complaint regarding the specifics of the alleged "inquiry and complaint" Plaintiff wished to lodge against Defendant Aldrich, nor is there any discussion of any concrete statements or actions/inactions by the Chief of Police giving rise to a showing of racial animus. In fact, the person Plaintiff believes was the Chief of Police is not even identified by name in the complaint. On its face, the allegation merely speculates on the subjective state of mind of whoever it was that Plaintiff approached.

In light of the foregoing, Defendants are entitled to relief under either Rule 12, based on the inadequacy of the pleadings and Plaintiff's "failure to state a

---

narrative statement in the contemporaneous case report prepared by Defendant Aldrich, which shows that the BMW was stopped at "2235 HRS[,]" which correlates with 10:35 p.m. (DE 23-2 at 8.) The Court has also reviewed the video of the stop submitted by Defendants. (DE 23-4.) That video, which does not depict the alleged traffic violations but does depict the activation of the police cruiser's lights and the subsequent stop, shows that the stop did occur in the dark. Though it obviously cannot be known from viewing the video what the officers actually viewed with their eyes, the racial characteristics of the vehicle's occupants are not discernible from the video. In short, other than his extraordinarily terse and conclusory allegations, Plaintiff has offered nothing to indicate any race-based conduct by Defendant Aldrich.

11

claim upon which relief can be granted," or under Rule 56, because "there is no genuine dispute as to any material fact." As Defendants aptly note in their motion for summary judgment, Plaintiff's complaints "contain virtually no information regarding how . . . Officer Aldrich and/or the Bellville PD are liable to him for any claim." (DE 23 at 14.) Thus, even leniently construing the pleadings in light of Plaintiff's *pro se* status, the Defendants' motion should be granted for failure to plead a cognizable claim under Rule 12.

Moreover, Defendants have provided a sworn, non-race based explanation for the stop and arrest, articulating legitimate law enforcement grounds for their actions. Plaintiff has failed to respond in kind, and indeed proffers no admissible evidence to contradict Defendant's sworn explanation, thus rendering the legitimacy of the stop and arrest undisputed and making summary judgment appropriate with respect thereto under Rule 56.[10]

### 3. Other Grounds Which Support Granting Summary Judgment to Defendants

Although the aforementioned inadequacies of Plaintiff's complaints, standing alone, entitle Defendants to dismissal, I will briefly discuss some of the other grounds raised in the motion for summary judgment. First, Defendants are correct in their assertion that the City of Bellville Police Department is not an

---

[10] Notably, Plaintiff has made no request for discovery under Rule 56(d) in lieu of responding.

entity capable of being sued and, consequently, should be dismissed as a party. *See, e.g., Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251, 1256 (E.D. Mich. 1992) ("This case must be dismissed against the City of Romulus Police Department because the police department is not a legal entity against whom a suit can be directed. Thus, Defendants' motion to dismiss this suit against the City of Romulus Police Department is granted.") (citations omitted).[11]

Second, even if the complaint in 16-10530 is leniently construed as setting forth claims against the City of Bellville, it would nonetheless still fail. "In order to state a claim against a municipality under section 1983 [meaning 42 U.S.C. §1983], a plaintiff must show that the municipality itself, through custom or policy, caused the alleged constitutional violation."[12] *Haverstick Enterprises, Inc.*, 803 F.Supp. at 1256 (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978)). *See*

---

[11] Defendants also contend the Bellville Police Department should be dismissed because it was never served properly with a copy of the complaint within the time limits of Fed. R. Civ. P. 4. However, the record shows that Plaintiff requested *in forma pauperis* status and service to be effectuated by the U.S. Marshals Service. The Court need not definitively opine on the propriety of dismissal due to any lack of service of process given the other insurmountable problems with the complaint in case 16-10530.

[12] Plaintiff's complaint does not explicitly state that it is brought pursuant to §1983 (or any other statutory or constitutional provision, which constitutes another serious deficiency). As best the Court can tell, Plaintiff is attempting to raise claims pursuant to §1983, an assumption which is bolstered by Plaintiff's decision to file his case in this Court, invoking federal subject matter jurisdiction.

*also Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) ("This circuit has stated that to satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.") (quotation marks and citation omitted). In other words, "[i]n an action alleging municipal liability, the plaintiff must plead the facts upon which he bases his claim; mere conclusory allegations are insufficient." *Haverstick Enterprises, Inc.*, 803 F.Supp. at 1256.

As previously discussed, Plaintiff's complaint consists almost entirely of conclusory allegations and contains no discussion of the specific municipal policy or custom giving rise to a constitutional violation (other than an unsupported, fleeting mention of the Police Chief's actions as having been made pursuant to some unnamed "agency mission policy statement"). Indeed, the complaint does not even specify how Plaintiff was injured cognizably as a result of the execution of a municipal policy or custom.

In that same vein, Plaintiff's response to the motion for summary judgment merely states, without providing any supporting facts (let alone sworn ones), that the Bellville Police Department is engaged in an unspecified pattern of conduct and has failed to train and discipline adequately its officers. (DE 30.)[13] "To

---

[13] The only authorities cited in the response are a criminal statute regarding deprivation of rights under color of state law (18 U.S.C. §242) and 42 U.S.C. §14141, section (a) of which provides that it is "unlawful for any governmental

14

establish municipal liability for a failure to train, a plaintiff must show (1) the training program is inadequate to the task the officer must perform, (2) the inadequacy is a result of the municipality's deliberate indifference, and (3) the inadequacy is closely related to or actually caused the plaintiff's injury." *Bonner-Turner v. City of Ecorse*, 627 F.App'x 400, 413-14 (6th Cir. 2015) (quotation marks and citation omitted). Plaintiff's failure to train claim grossly fails to satisfy those standards. Thus, Defendants are entitled to summary judgment in case 16-10530.[14]

### 4. Conclusion

Giving the appropriate consideration to the pleadings, the record and applicable law, the Court should conclude that the claims against Defendants are both legally inadequate and unsupportable by admissible evidence. Accordingly, the Court should grant Defendants' motion for summary judgment (DE 23), or

---

authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of *juvenile* justice or the incarceration of *juveniles* that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." (Emphasis added). Fleeting citations to those two statutes, unaccompanied by relevant, specific factual allegations, is insufficient to meet Plaintiff's burden to present "evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Metro. Gov't of Nashville & Davidson Cnty.*, 432 F.App'x at 441.

[14] Because Defendants are entitled to judgment as a matter of law for all of the reasons already discussed, the Court need not address Defendants' additional arguments, such as whether Defendant Aldrich is entitled to qualified immunity.

alternatively, construe the motion as an attack on the pleadings under Rule 12 and dismiss with prejudice on that basis.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: October 14, 2016         s/ Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on October 14, 2016, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti